The Muscogee Railroad Company *vs.* Redd.

---

THE MUSCOGEE RAILROAD COMPANY, plaintiff in error, *vs.* SOULE REDD, executor, defendant in error.

1. Where the question at issue was whether a slave, for the killing of which the action was brought, was on the cars of the defendant as a passenger or as an attachment to a military organization then being transported to Atlanta for the purpose of entering the service of the Confederate States in the war against the United States, evidence showing who paid the fare of such slave is material.

2. The conversation between the soldier in whose employ said slave was and the conductor, as to the payment of his fare, showing a demand therefor by the latter, was admissible.

3. The suit being by the legal representative of the owner of such slave, it was competent to show that he was in the employ of such soldier to be delivered up when called for.

4. If the slave was on the train as a passenger at the time he was killed, then the defendant is liable, but if he was there as the servant of Thwcatt, who was a member of that military organization, for which transportation was obtained, and was included as a part of those for whom it was obtained, then the defendant, under the ruling of this court in this and similar cases, is not liable.

Evidence. Common carriers. In *pari delicto*. Before WILLIAM A. LITTLE, Judge *pro hac vice*. Muscogee Superior Court. November Term, 1874.

Any further report of this case beyond what is contained in the decision and the head-notes, is deemed unnecessary. See report when before this court at a former term: 48*th Georgia Reports*, 102.

L. T. DOWNING; PEABODY & BRANNON, for plaintiff in error.

HENRY L. BENNING; M. H. BLANDFORD, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant to recover damages for the loss of a slave alleged to have been killed on the defendant's road by its negligence, in 1861. On the trial of the case, the jury found a verdict for the plaintiff for $2,981 33. A motion was made for a new trial on the several grounds contained therein, which was overruled by the court, and the defendant excepted.

1, 2, 3. There was no error in admitting the testimony of the two Thweatts, in view of the pleadings in the record.

4. When this case was before us on a former occasion, as it appears from the report of it in 48*th Georgia Reports*, 102, Robert Thweatt testified that he paid Floyd's railroad fare to the defendant. On the last trial of the case, he testified that he did not pay his fare, but only had a conversation with de-

The Muscogee Railroad Company *vs.* Redd.

fendant's conductor in relation to the payment of Floyd's fare. The evidence of Captain Chapman was introduced on the last trial, who stated that he applied to defendant for transportation for so many men, including servants, and obtained it. The question in the case is whether Floyd was on the defendant's train of cars as a passenger, or whether he was there as the servant of Thweatt, who was a member of the military organization being transported over defendant's road for the purpose specified in the record. If the slave, Floyd, was on the defendant's railroad train as a passenger at the time he was killed, then the defendant is liable; but if he was on the defendant's railroad·train at the time he was killed as the servant of Thweatt, who was a member of that military organization for which transportation was obtained, and was included as a part of those for whom it was obtained, then the defendant, under the ruling of this court in this and similar cases, is not liable. This question, in view of the evidence contained in the record, was not fairly submitted to the jury by the charge of the court, but, on the contrary, the court charged the jury, "If you should believe from the evidence that the railroad company refused to carry Floyd as a part of, or an adjunct to, the company of soldiers, but demanded and *received* from his master or any one having him in charge by permission of his master, his fare as an ordinary passenger, then the rule of *in pari delicto* does not apply." This charge of the court assumes that there was evidence that the defendant had *received* Floyd's fare as an ordinary passenger, whereas the evidence is that *no fare was paid.* The fact that the conductor of the defendant demanded Floyd's fare is not *conclusive* evidence that he was a passenger, under the evidence in the record, but was a fact to be considered by the jury in relation to that point in the case. In our judgment, the charge of the court to the jury, in view of the evidence contained in the record at the last trial of the case, was error.

Let the judgment of the court below be reversed.